IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

ESTELLA ROSENFIELD

Plaintiff,

vs.

CASE NO. 2022-006248-CA-01

MAYORS JEWLERS OF FLORIDA, LLC.

Defendant

## COMPLAINT UNDER THE FLORIDA CIVIL RIGHTS ACT OF 1992 (FCRA)

COMES NOW, Estella Rosenfield ("Estella"), by and through her Undersigned counsel, states her claim of Civil Rights Violations against her by Mayors Jewelers of Florida, LLC., and states the following in support:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in the Circuit Court as this is a Complaint in excess of $50,000.00, exclusive of costs and attorney's fees.

2. Venue is proper because, at all times, the incident described of in the Complaint occurred in the Mayors Store located in the Town Center at Boca Raton, specifically with the address of 6000 Glades Rd #1119, Boca Raton, FL 33431.

3. At all material times, Plaintiff was an employee of Mayors Jewelers of Florida, LLC., which is a subsidiary of The Watches of Switzerland Group USA, Inc.

### FACTUAL ALLEGATIONS

4. Plaintiff has been an Employee of the Defendant since 2015.

**EXHIBIT A**

5. Plaintiff's position is that of a sales professional and her primary job duties include selling high end watches and jewelry.

6. Over the past several years, Plaintiff has been, and continued to be, subject to harassment, discrimination, and retaliation on the basis of her race, national origin, and sex.

7. Plaintiff directly reported to the Floor Manager, Albert Veenstra (hereinafter referred to as "Albert").

8. During the time in which Albert was Plaintiff's direct supervisor, he would constantly harass me based on my protected categories.

9. Albert, as all material times an employee and agent of Defendant, made comments about Plaintiff's body and figure constantly. In one instance, Albert would creepily comment that Plaintiff had "sexy legs and feet."

10. Albert also stated that I was beautiful "for a black woman."

11. Albert would make these comments in private, and also in front of other store employees at which everyone would laugh. Albert also criticized Plaintiff's accent, as Plaintiff is from Bahamian descent, and pushed Plaintiff away from white customers despite the fact that she speaks perfect English.

12. After Plaintiff confronted Albert, indicating the his gestures and words of sexual attraction were unrequited and inappropriate, Albert's treatment of Plaintiff became worse.

13. Albert withheld approval for Plaintiff to have the ability to discount products to close sales. These discount opportunities were not withheld from white employees and those who had not made complaints.

14. Likewise, because Mayors is the sole Authorized Dealer of Rolex watches in Boca Raton, and one of the few in all of Palm Beach County, allocations of Rolex watches are hard to come by based on a shortage of inventory.

15. As I work on commissions, this directly affected how much I could earn. Albert made sure that inventory Plaintiff requested was given to other employees. Plaintiff made several complaints about this retaliation, which led Albert to find new ways in which he could harass Plaintiff.

16. Albert's harassment, included obstructing Plaintiff's ability to do required trainings, berating Plaintiff for the way she clocked into work, forcing Plaintiff to give presentations when others were not so required.

17. During a recent meeting, Albert called Plaintiff a monkey in front of the other employees.

18. Plaintiff was also denied the opportunity to become a brand ambassador despite multiple requests. These brand ambassadorships are another means to make additional income. Albert told Plaintiff that she would never be selected to be a brand ambassador because of the "trouble" she was making.

19. Albert also would not permit Plaintiff to make changes to her scheduled shifts while white employees were given more appealing schedules. The treatment Plaintiff has continue to be subjected to has severely affected Plaintiff both financially and emotionally.

20. Plaintiff has submitted her claim to both the FEPA and EEOC, as well as the Florida Commission on Human Relations. Plaintiff has received a right to sue after a finding that Defendant was liable.

21. Any and all conditions precedent to filing this action have been complied with.

## COUNT I – VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992 (FCRA)

22. Plaintiff incorporates the allegations set forth in paragraphs 1-20 and further states:

23. n order to establish a prima facie case of disparate treatment, a plaintiff must prove that: (1) the employee is a member of a protected class; (2) the employee was qualified for her position; (3) the employee suffered an adverse employment action; and (4) similarly situated employees outside the employee's protected class were treated more favorably.

24. In this case, the employee is a member of a protected class. Plaintiff is a a Bahamian woman.

25. Plaintiff was qualified for her position and suffered an adverse employment action based on the facts stated above. Specifically, Plaintiff was subject to creepy and unwanted sexual advances from Albert. When Plaintiff rejected those advances, Plaintiff was punished. Plaintiff was called a "monkey," "sexy for a black woman," and a "trouble maker" both in public and privately.

26. Clearly, other employees were not treated so poorly. Likewise, other employees got allocations from rare and sought after watches, while Plaintiff received almost no allocations.

27. Moreover, all the employees in question reported to the same supervisor, Albert.

28. The above satisfies a prima fascia case for discrimination. Demonstrating a prima facie case is not difficult, but rather only requires the plaintiff to establish "facts adequate to permit an inference of discrimination." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

Date April 28, 2023

Respectfully submitted,

By:

        TRAYBER RAIKHELSON LAW GROUP
*Counsel for Plaintiffs*
7000 W Palmetto Park Road, Suite 210
Boca Raton, FL 33433
Telephone:  (954) 895-5566
Primary Email: arlaw@raikhelsonlaw.com
Secondary email: a.raikhelson@icloud.com

/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657

NOT A CERTIFIED COPY